UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMPED & COLLECTION INC.,

                Plaintiff,

            -against-

RICHARD HINTON and LOCOMOCEAN LTD.,

            Defendants.

Civil Action No. 1:18-cv-6094

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Amped & Collection Inc. ("Amped") for its complaint against defendants Richard Hinton and Locomocean Ltd. ("Defendants"), alleges as follows:

**Nature of the Action**

      1.    Amped brings this action for preliminary and permanent injunctive relief and damages against Defendants, who are offering to sell and selling merchandise virtually identical to Amped's products using Amped's federally registered trademark, "Light Up Your Life," which Amped features on its website and has used on its products, packaging, and promotional literature. Amped asserts federal and state claims for trademark infringement and unfair competition, statutory claims for trademark dilution and deceptive trade practices under New York law, and common law claims for unjust enrichment.

      2.    Since the summer of 2015, Amped has been selling a luminous back-lit LED sign and accompanying translucent interchangeable letters, symbols and characters. Amped also markets and sells neon desk and wall lights. Amped undertook marketing efforts to build brand recognition, applied for registrations for certain of its trademarks in the United States and Canada, and sold its products through online retailers, brick-and-mortar stores throughout North America, and at major trade shows.

3.     Unfortunately, the success of Amped's products spawned knockoffs that have threatened to undermine the substantial goodwill Amped has created.  First, in a deliberate attempt to capitalize on Amped's branding strategy, a New York company named  Nuop LLC ("Nuop") began selling a competitive product under a strikingly similar name.  By Order dated October 27, 2016, Judge Paul Oetken granted Amped.'s (then named One11 Imports Inc.) motion for injunctive relief against Nuop.  *See* S.D.N.Y. No. 1:16-cv-7197-JPO (ECF No. 20).  In that case, the infringed trademark was "My Cinema Lightbox."  Now, Defendants – who sold the infringing product to Nuop – have appropriated a different key trademark owned by Amped.

4.     Defendants' conduct here is just as willful as the conduct enjoined by Judge Oetken. As Defendants are well-aware, Amped has been using "Light Up Your Life" as a slogan for its products since 2015.

5.     Defendants conduct is likely to cause confusion in the marketplace.  Absent injunctive relief, Amped will continue to suffer irreparable harm to its goodwill, reputation, and business.   Amped's  efforts to resolve this matter amicably have been unsuccessful.

### The Parties

6.     Plaintiff Amped is a corporation organized under the laws of Canada with its principal place of business located at 238-1173 Dundas Street, Toronto, Ontario, Canada.

7.     Upon information and belief, defendant Locomocean Ltd. ("Locomocean") is a lighting and giftware company organized under the laws of the United Kingdom with a principal place of business located at 1.02 Oxo Tower Wharf, Bargehouse Street, London, England SE1 9PH.

8.     Richard Hinton is an individual who resides in the JuHai District of Shanghai, China.  Defendant Hinton controls Locomocean.  Upon information and belief, Mr. Hinton is the

sole owner of Locomocean and is the active force behind Locomocean.   Mr. Hinton either personally committed the complained of conduct in this case, or he authorized and approved such conduct.

## Jurisdiction and Venue

9.      This Court has original subject matter jurisdiction over Amped's claims pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq.; and 28 U.S.C. §§ 1331 and 1338.   This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.      This Court has personal jurisdiction over Defendants because they conduct business in this forum including the acts complained of in this Complaint.   They have offered for sale and are continuing to offer for sale in this jurisdiction the infringing products and have done so while present in the jurisdiction.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Facts Common to All Counts

12.      Amped is a manufacturer and importer of lighting and giftware products.   Among other things, Amped advertises and promotes its products on a website located at ampedandco.com, which prominently features the phrase "Light Up Your Life."   The following is a depiction from the website's home page showing "Light Up Your Life":



13.     In addition to marketing and selling neon wall and desk lights, Amped sells a lightbox known as "My Cinema Lightbox."  This product is a luminous backlit LED sign and accompanying translucent plastic letters, numbers, and symbols that allow customers to create their own displays.  The signs, which are reminiscent of retro cinema signs, are offered for sale and sold in packages and with promotional literature which use the trademark "Light Up Your Life".

14.     The following are depictions of My Cinema Lightbox signs.





15.     The following are examples of Amped's historical and current uses of "Light Up Your Life."













16.     Amped advertises, promotes and offers for sale its products at trade shows, online and in brick-and-mortar stores.   For example, in addition to its own website, Amped sells its products through online retailers including Amazon, Urban Outfitters, Uncommongoods and Vat 19.   Amped also maintains a strong social media presence, and has accounts on Instagram, Facebook, Pinterest, and Twitter.   Brick-and-mortar stores carrying Amped's products are located throughout Canada and the United States, coast to coast.

17.     In the United States, Amped filed a trademark application for registration of "Light Up Your Life" with the United States Patent and Trademark Office  ("PTO").  The PTO issued a registration to Amped on April 3, 2018.  *See* U.S. Patent and Trademark Office Registration No. 5437917.   Amped has used this trademark in interstate commerce since at least as early as November 30, 2015.

18.     In February 2015, Amped founder Andrea Banyai met in London with Defendant Richard Hinton.

19.     Mr. Hinton informed Ms. Banyai that he had found a factory in China that was producing backlit LED signs, which he wanted to bring to market in the United Kingdom.  Because the factory required a minimum order quantity, Mr. Hinton facilitated a joint order between Ms. Banyai and a third party for the product from a Chinese factory.

20.     In doing so, they agreed that Ms. Banyai would incorporate a company to sell the products in the United States and Canada, and Locomocean would provide a product to distribute in the United Kingdom.   Accordingly, Amped (then using the name One11 Imports Inc.) was incorporated on February 14, 2015; the company placed its first order for lightboxes a few months later, in the spring of 2015.

21.     Amped employees spent the spring and summer of 2015 creating designs, artwork, fonts, and icons for the translucent characters to be used with the backlit sign.  Amped named the products "My Cinema Lightbox" and created the trademark "Light Up Your Life."

22.     Amped developed a strategy to maximize the new brand's recognition. Specifically, it promoted My Cinema Lightbox on Facebook, Instagram, and Pinterest, and took search engine optimization measures to drive traffic.  Amped also invested in paid advertisements online and in print media, and hired public relations companies in the United States and Canada to expand the brand's reach.

23.     By August 2015, Amped had finished the creation of its designs and artwork.  It launched its website http://www.mycinemalightbox.com, its Pinterest account @mycinemalightbox, its Facebook account, and its Instagram account www.instagram.com/mycinemalightbox on or about August 27, 2015.

24.     When the first shipment arrived from the factory in China, Amped began shipping sold products to customers in the United States and Canada.  Its products in that first shipment were both plastic and wood; the wood products included the trademark "Light Up Your Life."

25.     By September, Amped had sold its entire inventory.  Accordingly, Amped placed another order through Mr. Hinton, who was acting as the "agent" for the factory, for the backlit signs and accompanying letters.

26.     Amped received its second order from the factory in December 2015, and began filling backorders to customers in both Canada and the United States.  Because of the rapid pace of sales and the success My Cinema Lightbox had enjoyed thus far, Amped placed another order. These orders made use of "Light Up Your Life."

27.     Amped's products have been exhibited at a trade show in Atlanta named AmericasMart Home & Gift Show, a trade show in Las Legas called Las Vegas Market, and at NYNOW at the Javits Center in New York City.

28.     Defendants, without permission from Amped, began using "Light Up Your Life" to identify its competitive lightboxes.  For example, Defendants used "Light Up Your Life" with its lightboxes when it offered to sell their products at NYNOW in February 2018.  Images showing Defendants' improper use of Amped's trademark are shown here:







29.     Defendants have announced plans to attend and display their products again at trade shows in Atlanta from July 10 to July 16, 2018, and in New York City from August 12 to August 15, 2018, at the very trade shows where Amped has displayed its products using "Light Up Your Life."

30.     Defendants' infringement of Amped's trademark at the Atlanta and New York trade shows inflicts irreparable harm to Amped, because the orders placed during these trade shows have historically been critical to Amped's sales.   Buyers attending these trade shows routinely place orders on the spot; Amped has no opportunity to remedy the confusion created by Defendants' improper use of their trademark "Light Up Your Life."

31.     Amped has suffered irreparable harm and will continue to do so if Defendants' conduct is not stopped.   Among other things, there is likely confusion in the relevant marketplace, its trademark has been infringed, customers are likely to believe that Defendants' products are authorized or sponsored by Amped, or associated with Amped's products, and Amped has had to engage legal counsel.   Amped has lost control over use of its intellectual property.

32.     Money damages alone will not stop Defendants' conduct and remedy the harm it is causing.

33.     As a direct and proximate result of Defendants' unlawful acts, Amped has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

34.     Defendants have misappropriated Amped's property rights as well as the goodwill associated therewith.

35.     The acts of Defendants alleged herein were committed willfully, with full knowledge of Amped's rights and with the intention of deceiving and misleading the public and

causing harm to Amped.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Amped and permit Defendants to be unjustly enriched and enjoy the interest and goodwill Amped has developed.

36.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause Amped to suffer further irreparable harm, continue to cause irreparable harm to the distinctiveness of its trademark and to the goodwill and business reputation associated with Amped's trademark and other intellectual property.   There is no adequate remedy at law for these actions.

## COUNT I

### Trademark Infringement and Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a)

37.     Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

38.     Amped's trademark Light Up Your Life is valid and entitled to protection.

39.     The acts of Defendants alleged herein are likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' products and services, and the sponsorship or endorsement of those products and services by Amped or as to the affiliation, connection or association of Defendants or their product with plaintiff or its products or activities.

40.     The actions of Defendants constitute trademark infringement, false designation of origin and false and misleading representations and other acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II

Trademark Infringement – 15 U.S.C. § 1114

41.    Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

42.    The PTO issued a registration to Amped for "Light Up Your Life" on April 3, 2018, under U.S. Patent and Trademark Office Registration No. 5437917.

43.    Amped has used this trademark in interstate commerce since at least as early as November 30, 2015.

44.    The acts of Defendants alleged herein are likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' products and services, and the sponsorship or endorsement of those products and services by Amped or as to the affiliation, connection or association of Defendants or their product with plaintiff or its products or activities.

45.    The actions of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114.

## COUNT III

Unfair Competition and Trademark Infringement Under New York Common Law

46.    Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

47.    Amped owns a valid and legally protectable trademark Light Up Your Life, which it uses and advertises to identify its goods and services.  Light Up Your Life identifies Amped as the source of goods and services marketed under the mark and has come to represent the valuable goodwill owned by Amped.

48.     Defendants' complained of conduct misappropriates the skill, expenditure and labors of Amped without Amped's permission and constitutes common law trademark infringement and unfair competition.

49.     Defendants' use of Light Up Your Life and copying Amped's trademark was knowing, intentional, deliberate, and in bad faith.

<u>**COUNT IV**</u>

<u>Deceptive Trade Practices in Violation of N.Y. Gen. Bus. Law §§ 349 and 350</u>

50.     Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

51.     Defendants' commercial use of Light Up Your Life and other conduct described above are likely to mislead a reasonable consumer.   Such conduct represents a deliberate attempt to mislead consumers because Defendants are causing a likelihood of confusion or of misunderstanding as to Defendants' goods and services, having a source in or the sponsorship, approval or certification of Amped, or is being affiliated, connected or associated with plaintiff, and are otherwise engaging in conduct which creates a likelihood of confusion between the parties' products and services.   This creates misunderstandings of the source of Defendants' products and services as being Amped's products and services.

52.     Defendants' acts are misleading in a material way.   Such acts are directed at consumers and they have injured Amped.   These actions deliberately attempt to deceive the consuming public, and, as such, implicate the general public interest.

53.     Defendants' conduct constitutes deceptive acts and business practices and false advertising in violation of New York's General Business Law.

## COUNT V

### New York Dilution Statute – N.Y. Gen. Bus. Law § 360

54.     Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

55.     Amped's trademark Light Up Your Life is distinctive and fully protectable.

56.     Defendants' began use of Light Up Your Life after Amped's use of "Light Up Your Life."

57.     Defendants' use of Amped's mark, without authorization from Amped, is likely to dilute the distinctive quality of Amped's trademark and to decrease the capacity of the mark to identify and distinguish Amped's products and services, and is likely to cause harm to Amped's business and its reputation.

58.     The acts alleged herein constitute trademark dilution in violation of the New York law.

## COUNT VI

### Unjust Enrichment under New York law

59.     Amped incorporates by reference each and every allegation contained above as though fully set forth herein.

60.     Defendants' actions are wrongful and unfair.   Defendants have been enriching themselves at Amped's  expense.  It is against good equity and conscience to permit Defendants to retain the revenues they have received from such wrongful conduct and, instead, Amped should recover those revenues.

61.    Defendants would be unjustly enriched if allowed to reap the benefits from such wrongful conduct.    Accordingly, Amped should prevail on a common law unjust enrichment claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Amped requests that judgment be entered in its favor and against Defendants, jointly and severally, as follows:

1.    Declaring that Defendants' unauthorized use of Light Up Your Life is likely to infringe Amped's distinctive Light Up Your Life trademark;

2.    Declaring that Defendants complained of activities including its adoption of Amped's trademark constitutes unfair competition, deceptive trade practices and, if not stopped, would unjustly enrich defendants at Amped's expense;

3.    Declaring that Defendants' conduct was knowing, intentional and willful;

4.    Preliminarily and permanently enjoining Defendants, their successors, officers, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from:

a)    Using (including, but not limited to, in connection with the promotion, marketing, advertising and sale of products or services) Light Up Your Life,  or any colorable imitation thereof, in its advertising, marketing, promotions and otherwise including print, website and online;

b)    Doing any other act or thing likely to confuse, mislead or deceive others into believing that defendants, or their products and services, are connected with, sponsored by or approved by Amped; and

    c)      Engaging in any other activity constituting unfair competition with Amped or constituting infringement of Amped's rights in and to its Light Up Your Life trademark and other intellectual property.

5.      Ordering that all signage, advertisements, labels, prints, packages, wrappers and receptacles in the possession of defendants bearing Light Up Your Life or any colorable imitation thereof be destroyed, and that such names be removed from all Internet websites, online advertising, marketing, promotions or other online materials, pursuant to 15 U.S.C. § 1118;

6.      Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Amped's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which defendants complied with the injunction;

7.      Directing an accounting to determine Defendants' profits resulting from their unlawful activities;

8.      Awarding Amped compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117 and New York law;

9.      Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct pursuant to 15 U.S.C. § 1117;

10.     Awarding Amped punitive and exemplary damages as permitted by New York law;

11.     Assessing Amped's cost of this action and Amped's attorneys' fees against Defendants pursuant to 15 U.S.C. § 1117 and New York law; and

12.     Ordering or awarding any other such relief that the Court deems just and proper.

For the avoidance of doubt, this Complaint seeks to hold Defendants jointly and severally liable and seeks joint and several relief for each aspect of the relief sought.

## DEMAND FOR JURY TRIAL

Amped hereby makes a demand pursuant to Federal Rule of Civil Procedure 38 for a trial by jury on all issues triable to a jury.


Dated: July 5, 2018
        New York, New York

                        ZEISLER PLLC

                        By:    /s/  Mark N. Mutterperl
                             Mark N. Mutterperl
                             Meghan H. Sullivan
                             800 Third Avenue, Suite 2800
                             New York, New York 10022
                             (212) 671-1921

                             *Attorneys for Plaintiff Amped & Collection Inc.*